IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM GALLO, ID # 32620-177, ) | | |
| Movant, ) | No. 3:08-CV-0036-O (BH) | |
| vs. ) | No. 3:04-CR-0205-O (10) | |
| ) | ECF | |
| UNITED STATES OF AMERICA, ) | Referred to U.S. Magistrate Judge | |
| Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:04-CR-0205-O. The respondent is the United States of America (Government).

**B. Factual and Procedural History**

On June 23, 2004, the Government indicted Movant for conspiracy to distribute various controlled substances. (*See* Indictment, doc. 1.)[1] In August 2004, he entered into an agreement to plead guilty to that charge. (*See* Plea Agreement, doc. 159.) As part of his agreement, he waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence

---

[1] Unless otherwise stated, all document numbers refer to the docket number assigned to the pleading in the underlying criminal action.

in any collateral proceeding on any ground, including claims of ineffective assistance of counsel. (*Id.* at 5.) However, he specifically reserved the rights "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of his plea of guilty or this waiver." (*Id.*)

On January 9, 2006, the Court entered judgment upon movant's guilty plea and sentenced him to 168 months imprisonment. (*See* Judgment, doc. 680.) On June 5, 2007, the Fifth Circuit Court of Appeals affirmed the conviction. *United States v. Gallo*, 236 Fed. App'x 48, 48 (5th Cir. 2007) (per curiam).

Movant filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 in January 2008 alleging that (1) he received ineffective assistance of counsel when his attorney failed to object to drug quantity calculations; (2) his consent to the appeal waiver in his plea agreement was not knowing and voluntary; and (3) he received ineffective assistance of counsel when his attorney failed to file various motions. (*See* Mot. ¶ 12.) In its response in opposition, the Government argues that Claim 2 was decided against Movant on direct appeal and Movant waived his right ro present the other claims. (*See* Resp. Opp'n at 2-3 [hereinafter Resp.].) Movant filed a reply in which he asserts that he was induced to enter the plea agreement based upon misrepresentation and unclear drug amounts. (Petr. Resp. at 1 [hereinafter Reply].) He also states that he "does not challenge waiver in its completeness but the fact of trial lawyer's failure" to raise a challenge under *United States v. Booker*, 543 U.S. 220 (2005). (*Id.* at 2.)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Defendants who collaterally attack their federal convictions, furthermore, may not raise grounds previously raised on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v.. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

In this instance, the Government argues that Claim 2 was decided against Movant on direct appeal. (Resp. at 2.) The Fifth Circuit Court of Appeals has indeed considered and rejected Movant's second claim raised herein. *See United States v. Gallo*, 236 Fed. App'x 48, 48 (5th Cir. 2007) (per curiam). In pertinent part the opinion states:

> The record reflects that Gallo knowingly and voluntarily plead guilty and waived his appellate rights. Therefore, the appeal waiver is valid and bars Gallo's claims on appeal. Although Gallo makes a claim of ineffective assistance for his lawyer's rescission of the *Booker* objection at sentencing, that claim does not go to the plea or waiver itself and, hence, the waiver bars it. Relatedly, Gallo's plea waiver – which waived "claims of ineffective assistance of counsel" on habeas but allowed challenge to "the voluntariness of his plea of guilty of this waiver" on direct appeal – was not overly broad because allowing challenge to the plea or waiver itself is what matters, and such a challenge, which can have as its predicate ineffective assistance, was not barred by the waiver of ineffective assistance claims on habeas here.

*Id.* (citations omitted). Because Claim 2 was resolved the Fifth Circuit, Movant may not pursue the claim again in this collateral attack of his conviction. *See Rocha*, 109 F.3d at 229.

### III. WAIVER

Respondent argues that Movant's other claims are barred by the waiver provision contained

within his voluntarily-entered plea agreement. (Resp. at 2-3.)

Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient to summarily deny a motion filed pursuant to § 2255.

The waiver in this case bars all claims on collateral review except for those that go to the voluntariness of Movant's plea. (*See* Plea Agreement at 5.) In this case, moreover, the Fifth Circuit not only upheld the waiver on direct appeal, but also found that Movant had voluntarily pled guilty and waived his appellate rights. *See Gallo*, 236 Fed. App'x at 48. In light of those findings, Movant cannot again challenge the voluntariness of his plea in this collateral proceeding. Additionally, even though he argues in his reply brief that he was induced to enter into the plea agreement, he concedes in the next paragraph that he "does not challenge waiver in its completeness." (*See* Reply ¶¶ 3-4.) He presents nothing to show that he involuntarily entered into the plea agreement. He essentially seeks to challenge his waiver solely to the extent that he may pursue a *Booker* challenge. *Booker*, however, does not "alter the plain meaning of appeal-waiver provisions in valid plea agreements." *United States v. McKinney*, 406 F.3d 744, 747 n.5 (5th Cir. 2005). *Booker* does not make a waiver provision unenforceable. *Id.* at 746-47.

For these reasons, Movant waived the right to bring his ineffective assistance of counsel claims in this § 2255 proceeding.

### IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and

4

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 11th day of December, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE